## Louis Mitchell, Appellee, v. Edward Kramer and Maurice Kramer, trading as Kramer Brothers, Appellants.

### Gen. No. 23,894.

1. AUTOMOBILES AND GARAGES, § 3*—*when evidence supports verdict for injuries due to collision between automobile and wagon.* In an action to recover for personal injuries received by a collision between an automobile of defendants turning the corner at a rate of from 5 to 15 miles an hour and a wagon standing at the curb and having a light, evidence *held* sufficient to support a verdict for plaintiff.

2. VENUE, § 14*—*when petition for change of is properly denied because not made in time.* A petition by defendant for a change of venue on the ground of the prejudice of the trial judge is properly denied as not having been made in apt time where it appears that the suit was instituted in September, 1914, was dismissed for want of prosecution in November, 1915, the order of dismissal was vacated by stipulation before such judge in March, 1916, and the cause reinstated, the cause came on to be heard in April, 1917, whereupon it was continued, on plaintiff's motion, to the following day, on which day plaintiff waived trial by jury and defendant petitioned for a change of venue, such petition not stating, however, when defendant first learned of the judge's prejudice.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed July 10, 1918.

GROSSMAN & FERGUSON, for appellants.

No appearance for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff, Louis Mitchell, brought suit for personal injuries, and recovered judgment in the sum of $200. This appeal is taken therefrom.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

At about 6 o'clock on the evening of February 21, 1913, the plaintiff, a man about 47 years old, who had been employed as a driver for Mitchell & Goldstein for over 16 years, drove a wagon east on the south side of 70th street, between Kimbark avenue and the Illinois Central railroad tracks, and stopped in front of a store of one Ogram. The plaintiff took out some apples and oranges, and after he had been there about one-half hour and had been told by his "boss" that he was ready to go on, the plaintiff, preparatory to driving on, got up on the wagon and sat on the front seat. The horses were facing east, and the wagon along and against the curb. The weather was wet and freezing and vision was difficult. An automobile run by one Vogwill, a chauffeur for Kramer Brothers, the defendants, came around the corner of 70th street headed towards the Illinois Central tracks and, going at from 5 to 15 miles an hour, ran into the wagon, striking it in the middle of the tailboard. As a result, the plaintiff was thrown back from his seat into the wagon and injured. He was then taken home and treated by a physician who found that he was suffering from shock and pain in his back. The doctor visited him eight or ten times between February 21st and February 28, 1913. The wages of the plaintiff as driver for Mitchell & Goldstein were $25 a week. There is some slight confusion in the evidence as to whether there was a lighted lamp attached to the rear of the wagon at the time of the collision. However, the testimony of Olson and Ogram and the plaintiff seems to be amply sufficient to justify the conclusion that there was, at the time of the accident, a lighted lantern attached to the rear of the wagon. The cause was tried without a jury and judgment entered in favor of the plaintiff in the sum of $200. No brief has been filed by the plaintiff.

It is claimed by the appellants that the judgment is not supported by the evidence. We are of the opinion, however, that the evidence plainly shows negligence on

the part of the defendants; so plainly that a discussion of the evidence would be entirely superfluous.

It is also claimed by the appellants that they should have been granted a change of venue. The suit was begun on September 23, 1914; the defendants were served September 24, 1914. They filed an appearance on September 28, 1914. On September 29, 1914, an order was entered extending for 5 days the time for filing their affidavit of merits.

On November 15, 1915, this suit was dismissed for want of prosecution. On March 30, 1916, before Judge Gemmill, the order of November 15, 1915, dismissing the cause was, pursuant to a stipulation, vacated and the cause reinstated. The record then shows that on April 16, 1917, on motion of the plaintiff—also before Judge Gemmill—an order was entered "that a trial by jury  *  *  *  be waived and that this cause be submitted to the court for trial without a jury," and that afterwards, on April 17, 1917, the defendants again, before Judge Gemmill, moved the court for a change of venue—from Judge Gemmill—and that that motion was, by him, overruled.

On the other hand, the "stenographic report," signed by Judge Gemmill, recites that "heretofore on, to wit, the 16th day of April, A. D. 1917, at 2 o'clock p. m.,  *  *  *  the case coming on to be heard before his honor, William N. Gemmill, said cause was peremptorily called for trial and the plaintiff moved the court to continue said cause until the 17th day of April, A. D. 1917, and stated to the court that he would waive trial by a jury; that on the 17th day of April, A. D. 1917, said cause was again called for trial by the court, and the plaintiff, by his attorney, waived trial by a jury." That the defendants then moved the court— Judge Gemmill—to grant them a change of venue and presented a petition in support thereof; that the petition recited that they feared they would not receive a fair trial "because the said William N. Gemmill, judge

of said court, is prejudiced against them." The petition did not state when the petitioners first learned that Judge Gemmill was prejudiced against them. Under the circumstances, we are of the opinion that the motion was not in apt time and that the refusal of the motion is no ground for reversal. Finding no error in the record, the judgment is affirmed.

*Affirmed.*